# Staunton

D. M. Chichester and Others v. M. R. Reamy, Chairman of the Democratic Committee of Stafford County, and Others.

September 17, 1931.

The opinion states the case.

*F. M. Chichester*, for the petitioners.

(No appearance for the respondents.)

PER CURIAM:

This is a petition for a peremptory mandamus.

The prayer is "that a peremptory writ of mandamus may be issued by this honorable court, directed to M. R. Reamy, chairman of the Democratic committee for the county of Stafford, and, if this honorable court thinks necessary, to W. S. Smith, St. Clair Brooks, James Ashby, E. P. Cato, Edwin Tolson, E. L. Stern, W. T. Peyton, John T. Harris, G. B. Wallace, Dr. L. F. Lee and J. J. Grinnan, who are all of the members of the Democratic committee, commanding and compelling the said M. R. Reamy, chairman, or the said chairman and the balance of the committee, to declare petitioners, D. M. Chichester nominee of the Democratic party for the office of treasurer of Stafford county, G. B. Wallace nominee of the Democratic party for Commonwealth's attorney for Stafford county, G. K. Massie, Jr., nominee of the Democratic party for supervisor of Aquia district, Clinton T. Heflin nominee of the Democratic party for supervisor of Rockhill district, R. H. Estes nominee of the Democratic party for supervisor of Hartwood District, W. T. Peyton nominee of the Democratic party for supervisor of Falmouth district, and R. C. L. Moncure, Jr., nominee of the Democratic party for commissioner of revenue for Stafford county."

No answer has been filed to the petition, and these facts appear:

"The Democratic committee of Stafford county, Virginia,

on February 7, 1931, passed a resolution pursuant to section 227 of the Code, declaring that a primary should be held for the nomination of county and district officers under the rules and regulations of the Democratic primary plan. On May 16, 1931, M. R. Reamy was nominated and elected chairman of the Democratic committee for the said county, and is the present chairman. On May 19th the chairman notified the Electoral Board that a primary had been ordered. On June 8th the chairman of the Democratic committee gave notice to the electoral board of the said county of the names of those candidates who had filed their declarations, and that such were in proper form and time, petitioners being among those whose names were certified. On June 13th, less than sixty days prior to August 4th, the date of the primary, the Democratic committee of Stafford had a meeting and by a vote of six to five rescinded its former action of February 7, 1931, calling a primary for county and district officers. On June 23rd, W. A. Franklin, W. F. Powers and N. N. Berry wrote the electoral board of the county, withdrawing from the primary and asking that their names be not put on the primary ballot. This left petitioners unopposed. On June 27th the eighth congressional district Democratic committee reversed the action of the county Democratic committee of Stafford in calling off the said primary. In response to a request of petitioners to declare them the nominees of the party, the Democratic committee of Stafford county held a meeting on July 15, 1931, and passed a resolution adhering to its former resolution in rescinding the primary and refused to declare those who had no opposition nominees of the Democratic party for the offices for which they had qualified."

N. N. Berry, the applicant for treasurer, having withdrawn, the petitioner, D. M. Chichester, was left as the only applicant or candidate for that office; as Powers had withdrawn, the petitioner, G. K. Massie, Jr., was left as

the only applicant or candidate for supervisor of Aquia district; as Franklin had withdrawn, the petitioner, Clinton T. Heflin, was left as the only applicant or candidate for supervisor of Rockhill district. The other three petitioners, R. C. L. Moncure, Jr., R. H. Estes and W. T. Peyton, were the only applicants or candidates, severally, for the respective offices of commissioner of the revenue, supervisor of Hartwood district, and supervisor of Falmouth district.

The primary election has been legally adopted as one of the methods of making party nominations for public office. Code, section 227, provides that "each party shall have the power to provide in any way it sees fit for the nomination of its candidates," but requires that all primary elections shall be conducted in all respects as required by the statute.

Code, section 230, provides that "candidates for nomination shall file their declaration with the chairman or chairmen of the several committees of the respective parties, and it shall be the duty of each chairman or chairmen to furnish to the electoral boards charged with the duty of preparing and printing primary ballots the names of the candidates to be printed thereon."

Code, section 246, provides that "whenever within the time prescribed by this chapter, there is only one declaration of candidacy in a political party for nomination for any office, the name of the person filing such declaration shall be declared the nominee of such party for the office for which he has announced his candidacy."

The Democratic party, June 11, 1924, adopted the primary plan so authorized by law, whereby it is ordained that "primary elections held under this plan must be governed by the act of the General Assembly approved March 14, 1912, entitled an act to establish and regulate the holding of primary elections." Such plan provides that the Democratic voters of each county shall elect the Demo-

cratic county committee, and the committees shall elect their respective chairmen. It is further provided that "whenever within the time prescribed by law for filing declarations only one candidate shall qualify for any office, the name of such candidate shall be declared the nominee by the chairman of the committee under whose direction the primary would have been held and no primary shall be held for that office."

The statute requires all candidates to file their applications at least sixty days before the date of the primary election for such offices—that is, in this instance, sixty days before August 4, 1931, the date for the election fixed by law, Code 1930, section 229. All the provisions of the statute as to calling the primary, the payment of the prescribed fees and the filing of applications had been fully complied with by the petitioners before the committee undertook, on June 13, 1931, to rescind their previous resolution of February 7, 1931, which called the primary. The powers of the committee are prescribed and limited by law, so that it seems to be perfectly clear that the committee had no legal authority for passing the rescinding resolution of June 13, 1931. At that date the rights of the Democratic voters to choose the candidates of the party had already attached, and the rights of the petitioners as candidates had also then become fully vested. The committee had then no legal authority to cancel the primary. Their attempt to do so was illegal and void.

The failure to hold the primary cannot destroy the legal rights of the petitioners here claimed, which were perfected and had attached when they complied with the statute.

The peremptory mandamus will therefore be awarded against M. R. Reamy, chairman of the Democratic committee of the county of Stafford, in accordance with the prayer of the petition.

*Mandamus awarded.*